IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS HOBBS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-cv-3433-NKL |
| | ) |
| THE HARTFORD LIFE AND ACCIDENT | ) |
| INSURANCE COMPANY and | ) |
| | ) |
| Defendant. | ) |

## ANSWER

Defendant, Hartford Life and Accident Insurance Company, ("Hartford")[1], for its Answer to Plaintiff's Complaint states as follows:

1. For its answer to paragraph 1, Hartford admits that Plaintiff purports to bring this action under the Employee Retirement Income Security Act of 1974 § 502(a)(1)(B), 29 U.S. C. § 1132(a)(1)(B). All allegations not specifically admitted herein are denied.

2. For its answer to paragraph 2, Hartford admits that Plaintiff purports to bring this action under the Employee Retirement Income Security Act of 1974 § 502(a)(1)(B), 29 U.S. C. § 1132(a)(1)(B) and that this Court has subject matter jurisdiction pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) without regard to the amount in controversy. All allegations not specifically admitted herein are denied.

3. The assertions in paragraph 3 are Plaintiff's conclusions of law, not allegations of fact and therefore are improper. To the extent Plaintiff purports to assert any cause of action under Missouri common law, ERISA § 514 preempts such claim. All allegations not specifically admitted herein are denied.

---

[1] Plaintiff mistakenly adds a "The" before "Hartford Life and Accident Insurance Company."

4. For its answer to paragraph 4, Hartford denies that the claims administration for the employee benefit plan at issue in this litigation (hereinafter "LTD Plan") occurs in this district and deny that any breach of duty has occurred. All allegations not specifically admitted herein are denied.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies the same.

6. For its answer to paragraph 6, Hartford admits that it is organized pursuant to the laws of the State of Connecticut. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what correspondence Plaintiff has received and therefore denies allegations regarding such correspondence. Defendant does not know what is meant by "primary address" and therefore denies those allegations. The assertions regarding where Defendant "can be served" are Plaintiff's assertions of her conclusions of law, not allegations of fact and Defendant need not respond to the same. All allegations not specifically admitted herein are denied.

7. For its answer to paragraph 7, Hartford admits that Plaintiff was at one time an employee of Consolidated Nutrition, L.C. in Springfield, MO and that he worked there as a Director of Sales and Marketing. Hartford further admits that Plaintiff stopped working at Consolidated Nutrition, L.C. in June 1995 and that LTD Plan benefits were paid to him during the period November 29, 1995 through October 13, 2008. All allegations not specifically admitted herein are denied.

8. For its answer to paragraph 8 Hartford admits that it sent a letter to Plaintiff dated October 13, 2008, a true and accurate copy of which is attached to the Complaint as Exhibit 1, in which it stated, *inter alia,* "We have completed our review of your claim for benefits and have

determined that you do not meet the policy definition of Disability, effective 10/14/08." All allegations not specifically admitted herein are denied.

9. For its answer to paragraph 9 Hartford admits that it received a letter dated March 16, 2009 from Schmidt, Kirby & Sullivan, P.C., a true and accurate copy of which is attached to the Complaint as Exhibit 2. Hartford further admits that attached to such letter were Exhibits A through D. Hartford denies that Plaintiff may properly incorporate by reference the content of these letters. See Rules 8 and 10(c) of the Federal Rules of Civil Procedure. All allegations not specifically admitted herein are denied.

10. For its answer to paragraph 10 Hartford admits that it received letters dated May 13 and 21, 2009 from Schmidt, Kirby & Sullivan, P.C. and that such letters are attached to Plaintiff's Complaint as Exhibits 3 and 4. Hartford denies that Plaintiff may properly incorporate by reference the content of these letters or any documents attached to those letters. See Rules 8 and 10(c) of the Federal Rules of Civil Procedure. All allegations not specifically admitted herein are denied.

11. For its answer to paragraph 11 Hartford admits that it sent to Schmidt, Kirby & Sullivan, P.C. a letter dated June 12, 2009, a copy of which is attached to Plaintiff's Complaint as Exhibit 5. Hartford admits that in this letter it stated, *inter alia*, "We have determined that the Company's decision to terminate benefits as of 10/14/08 (through 10/13/08) was correct." Hartford denies that Plaintiff may properly incorporate by reference the content of these letters or any documents attached to those letters. See Rules 8 and 10(c) of the Federal Rules of Civil Procedure. All allegations not specifically admitted herein are denied.

12. For its answer to paragraph 12 Hartford admits that Plaintiff submitted records from doctors who had treated him. Those documents speak for themselves. All allegations not specifically admitted herein are denied.

13. The allegations in paragraph 13 are in violation of Rule 8 of the Federal Rules of Civil Procedure because they are neither short nor plain. Hartford admits that in 1992 Plaintiff had a three-vessel bypass and that he has had cardiac catheterization procedures performed from time to time since 1992. Hartford further admits that Dr. Ceaser has stated varying opinions from time to time regarding what he thinks Plaintiff might be able to do. All allegations not specifically admitted herein are denied.

14. For its answer to paragraph 14 Hartford admits that Plaintiff submitted a report purportedly prepared by Michael Lala and dated February 23, 2009. All allegations not specifically admitted herein are denied.

15. The allegations in paragraph 15 are in violation of Rule 8 of the Federal Rules of Civil Procedure because they are neither short nor plain. For its answer to paragraph 15 Hartford admits that Dr. Patel considered the entire administrative record, that Hartford based its determination upon the entire administrative record, and that that it sent to Schmidt, Kirby & Sullivan, P.C. a letter dated June 12, 2009, a copy of which is attached to Plaintiff's Complaint as Exhibit 5. Hartford admits that in this letter it stated, *inter alia*, "We have determined that the Company's decision to terminate benefits as of 10/14/08 (through 10/13/08) was correct." All allegations not specifically admitted herein are denied.

16. Denied. Hartford considered the entire administrative record when making its determination regarding Plaintiff's claim.

- 4 -
Case 6:09-cv-03433-GAF   Document 3   Filed 01/15/10   Page 4 of 7

17. For its answer to paragraph 17 Hartford admits that LTD Plan benefits were paid during the period November 29, 1995 through October 13, 2008. All allegations not specifically admitted herein are denied.

18. For its answer to paragraph 18 Hartford admits that LTD Plan benefits were paid during the period November 29, 1995 through October 13, 2008, but that Plaintiff did not qualify for LTD Plan benefits after October 13, 2008. Plaintiff's assertions regarding which plan documents controls and what standard of review applies are conclusions of law, not allegations of facts and are therefore improper. They are also incorrect conclusion of law. All allegations not specifically admitted herein are denied.

19. Admitted.

20. For its answer to paragraph 20, Hartford admits that in the event benefits are payable pursuant to the terms and conditions of the LTD Plan, Hartford pays such benefits. All allegations not specifically admitted herein are denied.

21. For its answer to paragraph 21, Hartford admits that in the event benefits are payable pursuant to the terms and conditions of the LTD Plan, Hartford pays such benefits and that Hartford makes the final determination whether a participant is medically eligible and qualifies for benefits under the terms and conditions of the LTD Plan. All allegations not specifically admitted herein are denied.

22. The assertions in paragraph 22 are Plaintiff's conclusions of law, not allegations of fact and therefore are improper. Hartford denies all such assertions.

## Defenses

1. Plaintiff's claim should be dismissed because all determinations by Hartford regarding Plaintiff's claim for benefits were reasonable based on all the evidence in the administrative record, were in accordance with the terms of the plan documents, and were not arbitrary and capricious.

2. Plaintiff's claim should be dismissed because all determinations made by Hartford with respect to Plaintiff's claim for benefits were made in the interests of all Plan participants and beneficiaries, and in accordance with the terms and conditions of the Plan documents.

3. Plaintiff is not entitled to recover because, among other things, he failed to comply with his burden under the terms of the Plan to submit sufficient proof of his alleged continuing disability.

4. To the extent Plaintiff purports to state any claim under Missouri state or common law, ERISA § 514 preempts such claim.

5. If the Court determines that any determination was arbitrary and capricious and that benefits are owing to Plaintiff, Hartford is entitled to apply all offsets allowed by the LTD Plan.

6. If the Court determines that any determination was arbitrary and capricious and that benefits are owing to Plaintiff, the Court may award only past benefits and may not award benefits for any future period.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant, Hartford Life and Accident Insurance Company, prays that the Court dismiss the Complaint with prejudice, that it award Defendant, Hartford Life and Accident Insurance Company, its attorney's fees and

costs pursuant to § 502(g) of ERISA, and that it grant Defendant, Hartford Life and Accident Insurance Company, such other and further relief as is proper.

**THOMPSON COBURN LLP**

By /s/ *Richard J. Pautler*
Richard J Pautler  #30789
One US Bank Plaza  28th Floor
St. Louis, Missouri  63101
314-552-6470
FAX 314-552-7470
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on the 15th day of January, 2010 a copy of the foregoing was served via the Court's electronic filing system, upon:

Bruce K. Kirby
Michelle D. Voss
Schmidt, Kirby & Sullivan, PC
2838 Ingram Mill Rd.
Springfield, MO 65804-4042

By: /s/ *Richard J. Pautler*

- 7 -
Case 6:09-cv-03433-GAF   Document 3   Filed 01/15/10   Page 7 of 7